UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| Britney Halverson, Individually and on behalf of all others similarly situated, § § § | | |
| Plaintiff, § | Civil Action No. 3:21-cv-00565 | |
| v. § § | | |
| RCI Hospitality Holdings, Inc., d/b/a XTC Cabaret, § § | Jury Trial Demanded | |
| Defendant. § § § | | |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff Britney Halverson, individually and on behalf of similarly situated employees, files this Original Collective Action Complaint, and states as follows:

### I.

### SUMMARY

1. This is a collective action brought pursuant to 29 U.S.C. § 216(b) by Plaintiff Britney Halverson ("Plaintiff"), on behalf of herself and all others similarly situated, which arises from Defendant's willful violation of the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, for failure to pay proper minimum wage and overtime wages for all hours of work performed by its employees.

2. Defendant RCI Hospitality Holdings, Inc. dba XTC Cabaret ("Defendant" or "XTC Cabaret") operates nightclubs in Dallas, Texas, and employs Plaintiff and others similarly situated as dancers to provide entertainment to customers who visit and frequent the establishment.

3. Plaintiff brings this collective action on behalf of herself and others similarly situated to challenge Defendant's unlawful policy and practice of misclassifying its dancers as "independent contractors" when they are properly classified as employees.

4. By misclassifying its dancers as "independent contractors," Defendant violated the FLSA by failing to pay its workers minimum wage and overtime for all time worked in excess of forty hours per week.

5. Plaintiff brings this claim under the FLSA on behalf of all similarly situated employees who may choose to opt in to this action pursuant to 29 U.S.C. §216(b).

## II.

## PARTIES, JURISDICTION & VENUE

6. Plaintiff Britney Halverson is an individual residing of Los Angeles County, California.

7. Defendant is a domestic for-profit corporation that doing business as XTC Cabaret in Dallas County, Texas.

8. Defendant maintains the following registered agent for service of process: Robert Axelrod, 5300 Memorial Drive, Suite 1000, Houston, Texas 77007.

9. The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as the Complaint is based on the federal Fair Labor Standards Act.

10. Venue is also proper in this Court because Defendant operates its ongoing business within this judicial district and because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred within this District.

## III.

## FACTS APPLICABLE TO ALL COUNTS

11. Plaintiff worked at XTC Cabaret as an exotic dancer from roughly November 2019 to December 2019. Throughout this time, Plaintiff was misclassified as an independent contractor and **not paid any wages** for the work at XTC Cabaret.

12. Plaintiff was not paid any wages because of the misclassification as an independent contractor; the only compensation was comprised of tips which are not credited against the requirement to pay at least the minimum wage.

13. Plaintiff found out about an opening to work at XTC through a contact, and then went to audition at XTC.

14. After meeting XTC's requirements, Plaintiff began dancing. The dancing duties included spending mandatory time on XTC's many stages.

15. Despite dancing and performing work for XTC, Defendant failed to pay plaintiffs and the class minimum wage as required by 29 U.S.C. § 206 since no wages were paid.

16. Also, Plaintiff was not paid overtime wages for work over forty hours in a week, in violation of 29 U.S.C. § 207, even though they often worked more than 40 hours a week.

## IV.

## CAUSE OF ACTION

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

17. Plaintiff incorporates the above numbered paragraphs above as if fully set forth.

18. The Fair Labor Standards Act applies because Plaintiff and similarly situated class members were employees under the FLSA and were and are engaged in commerce pursuant to 29 CFR § 776.10.1.

19. Also, under the alternative enterprise test, the FLSA applies because Crazy Horse has employees engaged in commerce and has annual gross volume sales made or business done over $500,000.

20. Under 29 USC § 206(a), employees must be paid at least the national minimum wage for hours worked. Defendant paid no wages at all, leading to FLSA violations.

21. An aggrieved employee may file a lawsuit to recover for violations of the Fair Labor Standards Act pursuant to 29 USC § 216(b) on behalf of himself or herself and all others similarly situated; this is a collective action.

22. Attached is Plaintiff's consent to be a party plaintiff.

23. According to 29 USC § 216(b), employees who bring a civil action under the FLSA may obtain back-pay, liquidated damages, injunctive relief, interest, and attorney fees.

24. Based on the factors that the Fifth Circuit articulated in *Vaughan v. Document Grp., Inc.*, 250 F.Supp.3d 236, 242 (S.D. Tex. 2017), Plaintiff and the members of the collective should have been classified as employees instead of independent contractors.

25. Plaintiff and the members of the collective were under XTC's direct control while working for Defendant, as Defendant depends on the exotic dancers to attract customers. Exotic dancers make few investments other than dancing costumes and they have no opportunity for profit or loss – they are tipped employees. Further, exotic dancing does not require any specialized skills that a real independent contractor would utilize.

## V.

## REQUEST FOR JURY TRIAL

26. Plaintiff requests a jury trial pursuant to Federal Rule of Civil Procedure 38.

## VI.

## PRAYER FOR RELIEF

27. Plaintiff requests the following:

    a. That this action may be maintained as a collective action;

    b. Payment of all unpaid minimum and overtime wages, including liquidated damages for the willful violations, plus interest;

      c.      Restitution of all unlawful deductions taken from the wages;

      d.      For restitution of wrongfully withheld wages and tips;

      e.      Attorney fees and costs;

      f.      Other relief the court deems proper.

Date: March 11, 2021                               By: */s/ Abbas Kazerounian*
                                                                       Abbas Kazerounian, Esq.
                                                                       State Bar No. 24090982
                                                                       **KAZEROUNI LAW GROUP, APC**
                                                                       245 Fischer Ave, Suite D1
                                                                       Costa Mesa, CA 92626
                                                                       Telephone: (800) 400-6808
                                                                       Facsimile: (800) 520-5523
                                                                       Email: ak@kazlg.com

                                                                       Ramona Ladwig, Esq.
                                                                       State Bar No. 24092659
                                                                       **KAZEROUNI LAW GROUP, APC**
                                                                       1910 Pacific Ave., Suite 14155
                                                                       Dallas, Texas 75201
                                                                       Telephone: (214) 880-6362
                                                                       Facsimile: (800) 635-6425
                                                                       Email: ramona@kazlg.com

                                                                       *Attorneys for Plaintiff*